## LEVERETT *vs.* STEVENSON.

From the petition and exhibits thereto, it appears that the partition in question of certain lands between petitioner and her mother, made under the provisions of the will of petitioner's father by appraisers appointed by the ordinary, was made in April, 1874, and that the appraisers made their return to the ordinary in the same month and year, and that petitioner knew in what manner the land had been divided. If the division was unequal, she ought to have filed her objections then and had the matter passed on by the ordinary, so that, if the objections were sustained, he could have appointed new appraisers and had a new partition made. After waiting fourteen years, it was too late for her to object to the return or to have a new division made. The demurrer to the partition was therefore properly sustained.

December 3, 1888.

Division in kind. *Laches.* Mistake. Before Judge LUMPKIN. Lincoln superior court. April term, 1888.

Reported in the decision.

W. D. TUTT, by JOHN C. REED, for plaintiff.

W. M. & M. P. REESE, for defendant.

SIMMONS, Justice.

Mrs. Sallie A. Leverett, by her petition filed in the superior court of Lincoln county March 26th, 1888, alleged that, in September, 1853, Peyton W. Norman, of

said county, died testate, leaving McMullin and Hawes, executors of his will. By the terms of the will, his real estate was to be partitioned between his wife and children in the following manner: When each child should arrive at the age of twenty-one years, or marry, his or her portion of said real estate was to be set apart or divided to him or her, leaving the portion belonging to the widow and minor children still undivided. The petitioner being the youngest child of the testator, her share of the land was the last to be divided between her mother and herself. In order to carry out the division, appraisers were appointed by the ordinary of the county, who, instead of dividing the lands by an actual survey, ran off the entire tract, ascertained by the surveyors to contain 1,058 acres, and partitioned half of it, 529 acres, to her, and the other equal portion to the widow, her mother. The surveyor ran a line through the tract, by which he thought he equally divided it into portions of 529 acres each. The appraisers then made a return to the ordinary of their acts, and returned 529 acres as having been set apart to the petitioner in this case, and 529 acres to the widow. After the division, the petitioner took possession of the portion assigned to her, thinking the land had been equally divided. Afterwards, in June, 1886, the widow died, leaving Stevenson as her executor, and he proceeded to advertise and sell the land. The petitioner then had the tract assigned to her surveyed, and ascertained that it contained only 444 acres; whereupon she gave notice to the executor of Mrs. Norman of the fact that she had not obtained her full share of the land, and of the fact that the tract assigned to Mrs. Norman contained more than her share; and asked that he have the land surveyed and equally divided between the petitioner and Mrs. Norman's estate; which request the

executor refused to accede to, and he proceeded to sell the land by the tract, as containing 450 acres more or less, and indirectly became the purchaser at the sale. After said sale and purchase by the executor, the petitioner repeatedly asked him to have the tract surveyed and divide with her equally, but he refused. She alleges that it would be grossly inequitable and unjust to allow him to possess, use and enjoy the land which, under the will, should be hers, and which she failed to have set apart to her by mistake of the surveyor. She prays process against him requiring him to answer on oath all the charges in the petition, and to abide the decree of the court, and to surrender to petitioner the land which he now illegally holds, or pay her its value, with the yearly profits. Attached to her petition, as exhibits, were the will of her father, executed in July, 1853, and the return of commissioners appointed by the ordinary to set off a distributive share from the estate of her father to the petitioner. This return allots to her various items of personal property, and "529 acres of land on the east and south side of home place, as shown in the plat of said land, valued at $3 per acre," equalized by note from Mrs. Norman to the petitioner. This return is dated April 30th, 1874. It is accompanied by a receipt from the petitioner to the executor, acknowledging the receipt of "the above" in full for her part of the whole estate coming to her in final settlement, subject to the executor's right to control, manage and sell the property to pay certain debts. This receipt is dated April 30th, 1874. The defendants demurred to the petition, (1) because there is no valid cause of action set forth therein; (2) because it appears therefrom that the plaintiff's rights, if she ever had any, are long since barred by the statute of limitations. The demurrer was sustained on the first ground thereof, and to this decision the plaintiff excepted.

The court below did not err in sustaining the demurrer to this petition. It appears from the record that this partition of the land between the petitioner and her mother, was made in April, 1874. The appraisers appointed by the ordinary made their return to that court in the same month and year. She knew in what manner the land had been divided between her and her mother; and if the division was unequal, she ought to have filed her objections then, before the ordinary, and had the matter passed on by him, so that, if her objections were sustained, the ordinary, under the code, could have appointed other appraisers and had a new partition made between her and her mother. After waiting fourteen years, it is too late now for her to come in and object to the return, or to have a new division made.

Judgment affirmed.